UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| SHANNON KEITH HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 5:18-CV-423-JMH-HAI |
| v. | ) | |
| | ) | |
| BRAZORIA COUNTY TEXAS 149th | ) | RECOMMENDED DISPOSITION |
| DISTRICT COURT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

On June 22, 2018, per the mailbox rule, Petitioner Shannon Harris filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. D.E. 1. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing § 2254 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2254 Cases, Rule 4. Having reviewed the petition in detail, it plainly appears that the Court is without jurisdiction to consider Harris's motion because he is not in custody pursuant to a state judgment as required by § 2254(a).

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 15, 1994, in Texas state court, Harris pleaded guilty or nolo contendere to second-degree possession of a controlled substance. *United States v. Harris*, 3:03-cr-00014-1, D.E. 212 at 2, 3 (S.D. Tex. 2003). The offense conduct occurred on August 14, 1993. *Id*. at 2. District Judge Robert E. May in the 23rd Judicial District Court of Brazoria County, Texas, deferred an adjudication of guilt and ordered Harris to be placed on probation for eight years. *Id* at 3–5. On the same date, Harris pleaded guilty or nolo contendere to first-degree delivery of a

controlled substance. *Id*. at 6, 10. The offense conduct occurred on March 10, 1993. *Id*. at 6. Similarly, Judge May deferred an adjudication of guilt and ordered Harris to be placed on probation for five years. *Id*. at 10–12. On April 4, 1997, Harris's probation was revoked and he was adjudicated guilty on both charges. *Id*. at 2, 6, 7. He was sentenced to six years on the possession charge and six years on the delivery charge. *Id*. at 2, 6.

On October 18, 2006, the federal grand jury sitting in the Southern District of Texas returned a second superseding indictment that charged Harris with: (1) being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2); (2) possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); (3) conspiracy to possess with the intent to distribute fifty grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(iii), and 21 U.S.C. § 846; (4) possession with intent to distribute fifty grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(iii); and (5) a forfeiture allegation. *Harris*, 3:03-cr-00014-1, at D.E. 150. The United States filed a notice of information and intent to prove prior convictions on January 18, 2007, which indicated that it would seek an enhanced sentence pursuant to 21 U.S.C. § 851 based on Harris's 1997 state convictions of felony possession of a controlled substance and felony delivery of a controlled substance. *Harris*, 3:03-cr-00014-1, at D.E. 161.

A jury subsequently convicted Harris of all four counts, and he received 120 months of imprisonment on count one, lifetime imprisonment on counts three and four, and sixty months of imprisonment on count two. *Harris*, 3:03-cr-00014-1, at D.E. 217 at 1, 3. The lifetime term and the 120 months were run concurrently, while the sixty months of imprisonment was run consecutively to the lifetime term. *Id.* at 3. Harris was also sentenced to a total of ten years of supervised release. *Id*. at 4. Harris's sentence was enhanced by the two underlying state

convictions, as described in the notice of information filed by the government. *See Harris*, 3:03-cr-00014-1, at D.E. 161, D.E. 212.

Harris appealed to the United States Court of Appeals for the Fifth Circuit and argued that his convictions should be overturned because: (1) his rights under the Speedy Trial Act were violated; (2) evidence introduced against him should have been suppressed; (3) the jury verdict was based on insufficient evidence; and (5) his life sentence violated the Eighth Amendment. *United States v. Harris*, 566 F.3d 422, 426 (5th Cir. 2009). The Fifth Circuit affirmed the district court's judgment on April 21, 2009. *Id.*

Harris filed a motion for reconsideration with the district court, *Harris*, 3:03-cr-00014-1, at D.E. 238, which was denied, *Harris*, 3:03-cr-00014-1, at D.E. 239. He then filed a motion for a reduction in sentence, which was also denied. *Harris*, 3:03-cr-00014-1, at D.E. 244. Harris appealed this denial, but the Fifth Circuit dismissed the appeal. *Harris*, 3:03-cr-00014-1, at D.E. 258. Additionally, he filed a motion for reconsideration on his motion to reduce his sentence, *Harris*, 3:03-cr-00014-1, at D.E. 247, which was denied, *Harris*, 3:03-cr-00014-1, at D.E. 249.

Harris then filed a motion to vacate under 28 U.S.C. § 2255 on March 1, 2011, in the District Court for the Southern District of Texas. *Harris*, 3:03-cr-00014-1, at D.E. 259. He filed a second motion to vacate under § 2255 on June 10, 2011. *Harris*, 3:03-cr-00014-1, at D.E. 274. The district court construed the motions liberally and jointly considered the arguments made in each. *Harris*, 3:03-cr-00014-1, at D.E. 283.

In both motions, Harris argued that: (1) his right to a fair and speedy trial under the Sixth Amendment was violated; (2) his rights under the Fourth Amendment were violated by an illegal search and seizure and an invalid search warrant; (3) his counsel was ineffective; and (4) the Fair Sentencing Act applied to reduce his sentence. *Id*. at 4. Specifically, Harris argued that his

counsel failed to object to his classification as a career offender based on his prior convictions for attempted robbery and delivery of a controlled substance. *See Harris*, 3:03-cr-00014-1, at D.E. 259 at 8.[1]

Harris alleged "that his state convictions for delivery of a controlled substance and attempted robbery are invalid because there is no transcript to prove that his guilty pleas were voluntary." *Harris*, 3:03-cr-00014-1, at D.E. 283 at 14–15. However, the district court noted that Harris's allegations were contradicted by the record: "The documents contain the state court's detailed factual findings regarding the adjudications of Harris's guilt for both offenses, and show that Harris's guilty pleas were voluntary in each case." *Id*. at 15. Thus, the court rejected Harris's argument that his counsel was ineffective "because the record supports that these convictions were in fact valid." *Id*. The court ultimately denied Harris's § 2255 motions to vacate. *Id*. at 20. Subsequently, the court also denied Harris's motions for relief from the final judgment under Federal Rule of Civil Procedure Rule 60(b) and for sentence reduction pursuant to 18 U.S.C. § 3582. *Harris*, 3:03-cr-00014-1, at D.E. 287, D.E. 307.

Harris is currently confined at the Federal Medical Center in Lexington, Kentucky. He has filed three motions pursuant to 28 U.S.C. § 2241 in the Eastern District of Kentucky, which were all denied. *See Harris v. Quintana*, No. 5:16-cv-441-DCR (E.D. Ky. 2017); *Harris v. Holland*, 6:13-cv-223-DCR (E.D. Ky. 2014); *Harris v. Holland*, 6:13-cv-73-DLB (E.D. Ky. 2013). Harris appealed the denials, but each appeal was dismissed.

---

[1] The district court also noted:

> In 1993, Harris pleaded guilty to delivery of a controlled substance and was placed on deferred adjudication probation. In 1996, during the deferred adjudication probation period, Harris pleaded guilty to attempted robbery, which incidentally violated his probation for the delivery of a controlled substance offense. Consequently, the state court revoked Harris's deferred adjudication probation and adjudicated him guilty of delivery of a controlled substance.

*Harris*, 3:03-cr-00014-1, at D.E. 283 at 15 n.11.

Harris then filed an application for a writ of habeas corpus pursuant to the Texas Code of Criminal Procedure Rule 11.07 in the 23rd Judicial District of Brazoria County, Texas. D.E. 1-1 at 14. In that application, Harris alleged that he was not provided a plea hearing and did not engage in a plea colloquy before being sentenced to both of his underlying state convictions for possession of a controlled substance and delivery of a controlled substance. *Id*. at 15.

Notably, Harris was unable to obtain records from the Brazoria County District Clerk of Court because they were destroyed after fifteen years. *Id*. at 5. The 23rd Judicial District recommended denying relief. *Id*. at 4. The court explained that Harris's claims were barred procedurally by his previously-filed motion for post-conviction relief that was denied by the state court on December 6, 2017, and that they were barred under the principle of laches. *Id*. at 4, 10. The Court of Criminal Appeals of Texas dismissed his application on May 23, 2018. *Id*. at 22. Now, although he is serving a federal sentence, Harris has filed a § 2254 petition challenging his underlying state convictions. D.E. 1.

## ANALYSIS

In his § 2254 petition before this Court, Harris alleges that his 1997 felony convictions for delivery of a controlled substance and possession of a controlled substance were obtained in violation of *Boykin v. Alabama*, 395 U.S. 238 (1969), because he was not advised of his rights and was not provided a plea hearing. D.E. 1 at 5. Specifically, Harris alleges that he was not afforded a plea hearing when he was convicted of his underlying state felonies: "I was not afforded a Rule 11 hearing, and [w]as convicted without a hearing[.] [The] [a]ttorney advised me of my sentence during a jail visit. I was not advised of any of my rights including the right to a jury trial, and or right to appeal[.] There is no plea colloqu[y]." *Id*. at 4. He admits in his § 2254 petition that he did not appeal his underlying convictions, but he claims that he was not

5

advised of his right to appeal them. *Id*. at 2. For the reasons stated below, the undersigned recommends that Harris's § 2254 petition be dismissed for lack of subject matter jurisdiction.

Harris's petition seeks relief under § 2254. According to § 2254(a), a court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court . . . ." *See* 28 U.S.C. § 2254(a). Relevant here, the Rules Governing Section 2254 Cases apply to such petitions filed in a United States district court by:

> (1) a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States; and

> (2) a person in custody under a state-court or federal-court judgment who seeks a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States.

Rules Governing Section 2254 Cases, Rule 1(a). Therefore, "[t]he first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). Further, a person does not remain "in custody" under a fully expired conviction solely because that conviction may be used to enhance sentences for subsequent convictions. *Maleng v. Cook*, 490 U.S. 488, 492–93 (1989) (per curiam) ("When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'").

The procedural posture of this case places it squarely within this circuit's precedent. *See Steverson v. Summers*, 258 F.3d 520 (6th Cir. 2001). In *Steverson*, the Sixth Circuit held that the district court properly dismissed a § 2254 petition filed by a person in custody pursuant to a federal judgment because the petitioner was not subject to any unexpired state sentences and he was, therefore, not in custody on the state convictions that the petition directly challenged. *Id*. at

6

523 ("Accordingly, the district court correctly determined that it lacked subject matter jurisdiction to consider Petitioner's § 2254 petition."). Similarly, Harris is a federal prisoner who has filed a § 2254 challenging his underlying state convictions. The record does not indicate, and Harris does not argue, that he is subject to any unexpired state convictions. Thus, although those convictions were used to enhance his federal sentence,[2] he is unable to satisfy the "in custody" requirement to seek habeas relief. And because he is not in custody pursuant to a state-court judgment, the Court is without jurisdiction to consider his petition.

Even if the Court were to construe Harris's petition as a § 2255 motion challenging his current federal conviction, the Supreme Court's decision in *Daniels v. United States*, 532 U.S. 374, 382 (2001), forecloses the relief Harris seeks. *Cf. Coss*, 532 U.S. at 403 (following reasoning of *Daniels*). In *Daniels*, a federal prisoner argued that the underlying state convictions that were used to enhance his federal conviction were improperly obtained. *Daniels*, 532 U.S. at 377. The Court held that, except for a narrow list of exceptions, a defendant is without recourse if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)." *Id*. at 382.

Additionally, Harris raised similar claims in his first § 2255 motion filed in the Southern District of Texas, and that court found them meritless. *See Harris*, 3:03-cr-00014-1, at D.E. 283 at 14–15. There, Harris argued that his federal trial counsel was ineffective for failing to discover the invalidity of his underlying state convictions for attempted robbery and delivery of a controlled substance because there was no transcript to prove that his guilty pleas to those state

---

[2] Under 21 U.S.C. § 851(e), Harris would have been precluded from challenging the validity of his state convictions because they occurred more than five years before the date of the information alleging such prior conviction. *See generally United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998) (finding "section 851(e) prohibit[ed] collateral attack of defendant's prior convictions, which occurred five years before the information was filed").

convictions were voluntary.  *Id*.  However, that court noted, "[t]he documents [submitted by Harris] contain the state court's detailed factual findings regarding the adjudications of Harris's guilt for both offenses, and show that Harris's guilty pleas were voluntary in each case."  *Id*.  at 15.  Thus, the court determined that Harris's counsel was not ineffective.

Moreover, the documents submitted with Harris's first § 2255 motion and the documents attached to the Southern District of Texas judgment refute his claims as to his delivery of a controlled substance conviction.  According to those documents, Harris pleaded guilty to delivery of a controlled substance on April 15, 1994, and the court deferred an adjudication of guilt and placed Harris on probation.  *See Harris*, 3:03-cr-00014-1, at D.E. 212 at 7.  The order revoking the deferred adjudication probation specifically noted that, "[o]n the 15th day of April, 1994, the above entitled and numbered cause was reached for trial and the State appeared by her Criminal District Attorney, and the defendant, Shannon K. Harris, appeared in person and by attorney, Jeff Bendit, and the Court received a plea of guilty from the above named defendant in person and by his attorney."  *Id*.  Thus, Harris's claim regarding the voluntariness of his plea to the delivery of a controlled substance charge is clearly refuted by the record.

## CONCLUSION

Because Harris is not in custody pursuant to the state convictions that he is challenging, and because, even construed liberally, his claims are precluded for the reasons stated above, the undersigned **RECOMMENDS** that the Petition (D.E. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to comply with 28 U.S.C. § 2254(a).

In certain circumstances, prior notice of dismissal is required.  *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (explaining that when the court's *sua sponte* dismissal is based on procedural grounds, "the

8

district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required"). *Shelton* recognizes that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295. Thus, any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 25th day of September, 2018.

Signed By:

Hanly A. Ingram

United States Magistrate Judge

9