```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT LEXINGTON
```

SHANNON KEITH HARRIS,            )
                                 )
     Plaintiff,                  )    Civil No. 5:18-423-JMH
                                 )
V.                               )
                                 )
BRAZORIA COUNTY TEXAS 149TH      )    **ORDER**
DISTRICT COURT,                  )
                                 )
     Defendant.                  )
                                 )
                                 )

*** *** *** ***

Petitioner Shannon Keith Harris has filed a pro se motion under 28 U.S.C. § 2254 [DE 1], which was referred to the Magistrate Judge for an initial review of the filing. The Magistrate Judge has now filed a Recommended Disposition [DE 6]. Defendant has not raised objections to the recommendation that his petition be dismissed because he is not in custody pursuant to a state judgment as required by § 2254(a) nor is he subject to any unexpired state sentences at this time, even though he is held in federal custody.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected

1

to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). When the petitioner fails to file any objections to the Recommended Disposition, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Further, the Court concludes that the recommended disposition is well supported by the law cited by the magistrate judge and the facts averred in the Petition. Consequently, and in the absence of any objections from Petitioner, this Court adopts the well-articulated and detailed reasoning set forth in the Recommended Disposition as its own.

Finally, the Court observes that the petition presents no question subject to the requirement of a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254. Nor is the Court persuaded that one should issue to the extent that the Court has taken action with respect to claims initially presented by Defendant under 28 U.S.C. § 2254. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the

underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that there is no call for a certificate to issue in this matter.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Recommended Disposition [DE 6] is **ACCEPTED** and **ADOPTED** as the Court's decision;

(2) that Petitioner's Motion Under 28 U.S.C. § 2254 [DE 1] is **DENIED** for the reasons set forth in the Recommended Disposition.

This the 26th day of October, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge